**CHUFU WAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74078.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 27, 2007.*

Filed Aug. 30, 2007.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Franklin W. Nelson, Esq., Pasadena, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, J. Scott Watson, Esq., Federal

R.App. P. 34(a)(2).

Deposit Insurance Corporation, Legal Division/Appellate Unit, Arlington, VA, for Respondent.

Before: WALLACE, LEAVY, and THOMAS, Circuit Judges.

### MEMORANDUM **

Chufu Wan, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252.

Where, as here, it is unclear whether the BIA conducted a de novo review, we may "look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion." *Avetova–Elisseva v. INS*, 213 F.3d 1192, 1197 (9th Cir.2000). We review for substantial evidence, *Lin v. Gonzales*, 434 F.3d 1158, 1160 (9th Cir.2006), and we dismiss the petition in part, grant it in part, and remand.

We lack jurisdiction to review the BIA's finding on Wan's untimely asylum application because it was based on disputed facts. *See Ramadan v. Gonzales*, 479 F.3d 646, 650, 656–57 (9th Cir.2007). Accordingly, we dismiss Wan's asylum claim.

With regard to Wan's claim for withholding of removal, substantial evidence does not support the BIA's nexus finding because the record compels the conclusion that the police arrested and detained Wan on account of an imputed political opinion based upon his involvement in organizing labor protests. *See Sangha v. INS*, 103 F.3d 1482, 1489–91 (9th Cir. 1997). However, the BIA was unclear about which adverse credibility findings it assumed were supported. Thus, we cannot conduct a proper review of this case, and we grant the withholding of removal claim and remand to the BIA for clarification. *See Recinos De Leon v. Gonzales*, 400 F.3d 1185, 1192, 1194 (9th Cir.2005).

We decline to address Wan's CAT claim because he did not argue it in his opening brief. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996).

**PETITION FOR REVIEW DISMISSED in part, GRANTED in part, and REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.